UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

        vs.

LASYAH PALMER,

        **Defendant.**
-------------------------------------------------------------X

18 cr 41 (DLC)

## SENTENCING MEMORANDUM OF DEFENDANT LASYAH PALMER

**Submitted by:**

**Guy Oksenhendler, Esq.**
**Law Office of Guy Oksenhendler**
**Attorney for Defendant Lasyah Palmer**
**194 Burns Street, Ste. 1**
**Forest Hills, New York 11375**

**Law Offices of**
**GUY OKSENHENDLER**
194 Burns Street, Suite 1
Forest Hills, New York 11375
917.804.8869
goksenhendleresq@aol.com

August2, 2019

VIA ECF

The Honorable Denise L. Cote.
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. Don Lasyah Palmer*
    18 Cr 41 (DLC)
    Sentencing Memorandum

Dear Judge Cote:

  Reference is made to the sentencing of Defendant Lasyah Palmer before Your Honor currently scheduled for August 6, 2019 in the above-entitled case. It is respectfully requested that Your Honor impose a non-guidelines sentence below the recommendation of the United States Probation Office. It is requested that the Court sentence Mr. Palmer 18 months incarceration.. In this case, in light of Mr. Palmer's actions here, his acceptance of responsibility and his remorse expressed for his actions, the most lenient sentence should be imposed under the circumstances of this case. In light of Mr. Palmer's background and character, the facts of the instant offense for which Mr. Palmer accepts full responsibility, counsel requests Your Honor impose the most lenient sentence pursuant to law when the parties appear before the Court.

  No objections are made to the findings of the Pre-Sentence Report.

  Introduction

  Mr. Palmer is scheduled to be sentence before this Court pursuant to his guilty plea to in violation of 21 USC § 841(b)(1)(C). This memorandum is submitted on behalf of Mr. Palmer to assist the Court in imposing a reasonable and fair sentence pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure. Mr. Palmer hopes that once the

2

Court examines his role in the overall scheme, his youth and its attendant characteristics, as well as consider the goals of sentencing, that the Court will find that a variance from the advisory range is appropriate in this case, and that combined with a period of supervision is a "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a).

### 18 U.S.C. § 3553(a) Factors

It is well settled, and this Court needs no reminding that in imposing an appropriate sentence in this case, the court must consider the following § 3553(a) factors to impose a sentence "sufficient, but not greater than necessary." See *United States v. Ministro-Tapia*, 470 F.3d 137, 138 (2d Cir. 2006). This affords adequate deterrence to criminal conduct and to protect the public from further crimes of the Defendant Dayvon Williams, *inter alia*. The ultimate goal of the sentencing court is to find just punishment in proportion to the crime.

The Supreme Court has made it clear that courts can impose sentences at vaiance with guidelines even in "the mine run cases." See, Rita v. United States, 551 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 39 (2007); *Kimbrough v. United States,* 552 U.S. 85 (2007); *United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008). The Supreme Court has repeatedly stressed the non-binding nature of the guideline scheme, holding that not only are they not mandatory on sentencing courts, they are also "not to be presumed reasonable." *Nelson v. United States*, 130 S.Ct 657 (Jan. 26, 2009). Further, courts have been instructed to impose "a sentence sufficient, but not greater than necessary" to meet the objectives of sentencing. *See* 18 U.S.C. § 3553(a). It is suggested that this Court should reject the notion that a "sufficient, but not greater than necessary" sentence exists only within the confines of the advisory guidelines. In conforming with the dictates of individualized sentencing, this Court should find that the proposed sentence of months of incarceration with a period of supervision is a fair and just sentence.

The factors Your Honor must consider under § 3553(a) are:

- The nature and circumstances of the offense, § 3553(a)(1);
- The history and characteristics of the Defendant Lasyah Palmer, § 3553(a)(1);
- The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the Defendant Lasyah Palmer; and provide the Defendant Lasyah Palmer with needed rehabilitative or other treatment, § 3553(a)(4), (5);
- The Sentencing Guidelines and the sentencing range they provide, § 3553(a)(4), (5);
- The need to avoid unwarranted disparities in sentencing, § 3553(a)(6); and
- The need to provide restitution to victims of the offense, § 3553(a)(7).

Nature and Circumstances of the Offense

In the instant case, the Defendant Lasyah Palmer pleaded guilty a lesser included charge of count two of the indictment. While it is not disputed that the Defendant Lasyah Palmer engaged in this criminal conduct, he is extremely remorseful for his participation in the instant case. The charges here are serious and the Defendant Lasyah Palmer makes no argument to the contrary.

History and Characteristics of the Defendant Lasyah Palmer

To describe the Defendant Lasyah Palmer, as counsel has gotten to know him, is that he is a young man trying to improve his character, that has had a difficult upbringing. He was raised by his mother and grandmother and rarely had contact with his father. He last saw his father three years ago by chance. He suffered personally due to this missing paternal relationship.

Lasyah was primarily raised by his Grandmother as his mother suffered from addiction issues and was often absent in his life. When she was present she was physically abusive leaving lasting scars that still affect him today. Despite his grandmother's best efforts, he was left to make his own way in life without any appropriate parental guidance. His mother's addiction, coupled with his father's incarceration, led to troubles in school early in his schooling. He was suspended a number of times, was never able to engage or participate as he would have wished to and clearly never received counseling or had anyone address the personal issues that he faced and suffered from.

It is not surprising then how his personal circumstances took him down a path leading to the instant case.

Despite this reality, Lasyah is hopeful that with drug and mental health counseling, and a new determination to lead a constructive lifestyle, that he can turn the corner to become responsible adult and work in the building maintenance or construction fields.

In considering the proposed sentence as fair and just, counsel asks the Court to also consider that the poor decisions here were made by Defendant Lasyah Palmer as a young adult. Those poor decisions made while a young adult show the Defendant Lasyah Palmer's inability at that time to negotiate his decisions in a manner as a similarly situated mature adult would have. The *Roper* and *Graham* cases establish the concept that children are constitutionally different from adults for sentencing purposes. Their "lack of maturity" and "underdeveloped sense of responsibility" lead to recklessness, impulsivity and heedless risk takings. *United States v. Roper*, 53 U.S. at 569, 125 S.Ct. 1183 (2005). They "are more vulnerable…to negative influences and outside pressures," including pressures from their family and peers; they have limited "control over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. *Ibid*. Due to a child's character being less "well formed" compared

4

to an adult, his traits are "less fixed" and his actions are less likely to be "evidence of irretrievable depravity." Id. at 570. Roper and *Graham v. Florida*, 560 U.S. 48, 130 S.Ct.2011, 176 L.Ed.2d 825 (2010), concluded that the Constitution prohibits a sentence emphasized or recommended which are diminished by the distinctive attributes of youth. The distinctions diminish the penological justifications for imposing the harshest sentences for juvenile offenders, or as is suggested here, offenses committed as a young adult, even when the crimes committed are terrible and serious.

### Narcotics and Mental Health Counseling

As stated in the PSR, Mr. Palmer has a history involving substance abuse and mental health issues. Without repeating the information in the PSR, it is requested that counseling for both these issues be included in any sentence imposed by the Court.

### Fine and/or Restitution

Mr. Palmer is not in a financial position to pay a fine and it is requested that Your Honor not impose a fine.

### Conclusion

Mr. Palmer is humbled and regretful of what he acknowledges to be poor judgment and decisions in committing the crime for which he has accepted responsibility and is to be sentenced. It has been observed that sentencing is not an exact science. Rather, it is a "fluid and dynamic process." *Irizarry v. United States*, 128 S. Ct. 2198, 2203 (2008). Its aim should be to impose a sentence that is reasonable, fair and just, given the facts of a particular case and facts relative to the particular person being sentenced. The overarching goal is to fashion a sentence that is sufficient, but not greater than necessary. An analysis of the §3553(a) factors in this case, as well as the "mitigating qualities of youth." *Johnson v. Texas*, 509 U.S. 350, 367, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993), equivocates in favor of the proposed varied sentence of 18 months incarceration, and a term of post release supervision.
.

Should Your Honor sentence Mr. Palmer to a term of incarceration, it is requested that he be incarcerated in an institution close to the New York Metropolitan area.

Thank you for your attention and consideration to this matter and of the issues raised herein. If you have any questions, please do not hesitate to contact the undersigned counsel at Your Honor's convenience.

Very truly yours,

/s/ *Guy Oksenhendler*

Guy Oksenhendler

cc:     Christopher Clore, Esq.
        Assistant United States Attorney
        Southern District of New York

        Clerk of the Court
        United States District Court,
        Southern District of New York